IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| TONY ALONZO BRADFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-013 |
| | ) | |
| STEVE ROBERTS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. One of Petitioner's objections is worthy of discussion, but it does not change the Court's opinion regarding the Magistrate Judge's Report and Recommendation.

The February 5, 2009 Report and Recommendation advised that Petitioner's § 2254 petition be dismissed as a third application for a writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. (See doc. no. 4, p. 6). Petitioner states in his objections that this is not his third application because he argues that a petition filed in a previous case, which was dismissed as a second or successive habeas petition, was actually a request for a writ of mandamus. See Bradford v. Hall, CV 106-045, doc. no. 3, *adopted by* doc. no. 8 (S.D. Ga. June 26, 2006) (hereinafter "CV 106-045"). A review of the record in CV 106-045 reveals that the document opening that action was not

considered as anything other than a § 2254 habeas corpus petition, see CV 106-045, doc. no. 3. Indeed, the Magistrate Judge's Report and Recommendation in CV 106-145 considering Petitioner's filing as a § 2254 habeas corpus petition was adopted by the Honorable Dudley H. Bowen, Jr., United States District Judge, as the opinion of this Court. See id., doc. no. 2, *adopted by* doc. no. 8.

Even if the Court were to assume *arguendo* that the petition filed in CV 106-045 should have been construed as a request for a writ of mandamus, the instant petition would still be subject to dismissal. Indeed, Petitioner has admitted in the instant case that he previously filed a federal petition for a writ of habeas corpus on February 21, 1995, which was denied on the merits. See Bradford v. Thompson, CV 195-029, doc. no. 21, *adopted by* doc. no. 26 (S.D. Ga. Apr. 4, 1997). Moreover, Petitioner has not alleged in the instant case that he has obtained the requisite authorization from the Eleventh Circuit to file a second or successive application for a writ of habeas corpus, nor has this Court received authorization to address the application presented in the instant case. See 28 U.S.C. § 2244(b)(3)(A); Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Thus, the instant petition is still subject to dismissal under the analysis set forth in the February 5th Report and Recommendation. (See generally doc. no. 4); see also In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). In sum, whether the petition filed in CV 106-045 is considered an application for a writ of habeas corpus or a request for a writ of mandamus, the instant petition is still subject to dismissal as a second or successive application for a writ of habeas corpus.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the motion to proceed *in forma pauperis* and motion for appointment of counsel are **MOOT** (doc. nos. 2, 3), this case is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 6th day of March, 2009, at Augusta, Georgia.

_____
J. RANDAL HALL
UNITED STATES DISTRICT JUDGE